UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-61054-LEIBOWITZ/AUGUSTIN-BIRCH

**DEAN ARGUS FRANGOPOULOS,** *et al.*,

    Plaintiffs,

v.

**SAQUELLA CAFE 2024, LLC,** *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFFS' VERIFIED MOTION FOR DEFAULT JUDGMENT**

    This cause comes before the Court on Plaintiffs Dean Argus Frangopoulos, Pierre Yves LeClef, Stanislav Sidorov, and Cashley Jordan Hiller-Acosta's Verified Motion for Default Judgment and supplemental filing. DE 17; DE 20. Plaintiffs seek the entry of default judgment on their claims under the Fair Labor Standards Act ("FLSA"). The Honorable David S. Leibowitz, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 18. The Court has carefully considered the Motion and the record and is otherwise fully advised in the premises. The Court **RECOMMENDS** that Plaintiffs' Verified Motion for Default Judgment [DE 17] be **GRANTED IN PART AND DENIED IN PART**.

    Plaintiffs filed a one-count Complaint under the FLSA against Defendants Saquella Cafe 2024, LLC ("Saquella Cafe"), Wolf Restaurant Group LLC ("Wolf Restaurant"), and Leopold Balestrieri for unpaid minimum and overtime wages, unpaid tips, and liquidated damages. DE 1. The record reflects that all three Defendants were served with process. *See* DE 5; DE 6; DE 12 at 5–12; DE 12-1; DE 13; DE 13-1. Defendants have never appeared in this case or answered

the Complaint, and the time for them to do so has passed. The Clerk of Court entered default against all three Defendants. DE 15.

## I. Liability

A court may enter a default judgment against a party who has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation marks omitted). The defaulting defendant does not admit facts that are not well-pleaded or admit conclusions of law. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). A court considering entering a default judgment must ensure that the pleading states a claim upon which relief can be granted. *Id.* (explaining that entry of default judgment is warranted only if the pleading contains well-pled allegations of fact that would be sufficient to survive a motion to dismiss for failure to state a claim).

"Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" the federal minimum wage of $7.25 per hour. 29 U.S.C. § 206(a). Further,

> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [forty] hours . . . at a rate not less than one and one-half times the regular rate at which he is employed.

2

*Id.* § 207(a)(1).  "Any employer who violates the provisions of section 206 or section 207 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Id.* § 216(b).

"[A]n employer must pay its employees within a reasonable time after the end of the pay period." *Del Rosario v. Lab. Ready Se., Inc.*, 124 F. Supp. 3d 1300, 1313 (S.D. Fla. 2015). Wages become "unpaid" under § 216(b), making the employer liable for liquidated damages, when the wages are "unreasonably late during the relevant period." *Arroyave v. Rossi*, 296 F. App'x 835, 837 (11th Cir. 2008); *see also Valdes v. Kendall Healthcare Grp., Ltd.*, No. 1:22-cv-22046, 2023 WL 3711012, at *8 (S.D. Fla. May 10, 2023) ("Late payments in violation of the FLSA requires the employer to pay liquidated damages in the amount of the violation."). Whether "payment is reasonably prompt is analyzed under the totality of the circumstances." *Valdes*, 2023 WL 3711012, at *8. "Generally, employers must pay employees within ten (10) days after the end of a pay period to constitute prompt payment." *Santiago v. Peacock's 17, LLC*, No. 22-cv-62272, 2023 WL 7129967, at *6 (S.D. Fla. Sept. 8, 2023).

"An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).  "Any employer who violates section 203(m)(2)(B) . . . shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." *Id.* § 216(b).

An employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee," and an employee is "any individual employed by an

3

employer." *Id.* § 203(d), (e)(1). "'Enterprise' means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose . . . ." *Id.* § 203(r)(1). An enterprise is engaged in commerce or in the production of goods for commerce when it (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) has "annual gross volume of sales made or business done [of] not less than $500,000." *Id.* § 203(s)(1)(A).

Plaintiffs pled that Defendants Saquella Cafe and Wolf Restaurant employed Plaintiffs and pled that Defendant Balestrieri was the owner and/or manager of Defendants Saquella Cafe and Wolf Restaurant and therefore also was Plaintiffs' employer. DE 1 ¶¶ 2, 11–12, 14, 17–20. Plaintiffs pled that (1) Defendants Saquella Cafe and Wolf Restaurant were an enterprise in that they shared an owner and/or manager and shared employees; (2) Defendants Saquella Cafe and Wolf Restaurant have "employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper"; and (3) "[u]pon information and belief, [Defendants Saquella Cafe and Wolf Restaurant's] gross sales or business generated was over $500,000 per year." *Id.* ¶¶ 5–6, 8–9, 11–14. These two allegations are sufficient to plead that Defendants were an enterprise engaged in commerce or in the production of goods for commerce. *See Certain v. Van Horst Gen. Contractors, LLC*, No. 20-60395-CIV, 2020 WL 10618316, at *2 (S.D. Fla. Apr. 10, 2020) (concluding that an allegation that the defendant's employees were "handling or otherwise working with telephones, computers and other office supplies and materials that had been moved in commerce" was "adequate at the pleading stage"); *Williams v. Core Energy Inc.*,

4

No. 1:22-21570-Civ, 2023 WL 5677543, at *4 (S.D. Fla. Aug. 3, 2023) ("To meet the second element, a plaintiff may simply allege that on 'information and belief' the enterprise has an annual gross revenue of at least $500,000."), *report & recommendation adopted*, 2023 WL 5676896 (S.D. Fla. Sept. 4, 2023). Finally, Plaintiffs pled that Defendants failed to pay Plaintiffs Frangopoulos and LeClef minimum and overtime wages and paid them late, failed to pay Plaintiff Sidorov minimum wages and tips, and failed to pay Plaintiff Hiller-Acosta minimum and overtime wages. DE 1 ¶¶ 21–30.

Plaintiffs pled sufficient allegations against Defendants for unpaid minimum and overtime wages, unpaid tips, and late wages under the FLSA. Defendants, by their default, admitted those allegations. Defendants are liable for violating the FLSA, and Plaintiffs are entitled to a default judgment.

## II.     Damages

Turning to the amount of the default judgment, "allegations relating to the amount of damages are not admitted by virtue of default," and "the Court determines the amount and character of damages to be awarded." *Atl. Corp. of Wilmington, Inc. v. TBG Tech Co.*, No. 21-24317-CIV, 2022 WL 18495887, at *5 (S.D. Fla. Feb. 18, 2022) (quotation marks omitted). A court may conduct an evidentiary hearing before entering default judgment if a hearing is needed to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). But an evidentiary hearing is not a *per se* requirement of entry of default judgment. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). No hearing is needed "where all essential evidence is already of record." *Id.* That evidence may take the form of affidavits. *Carlisle v. Nat'l Com. Servs., Inc.*, 722 F. App'x 864, 870 (11th Cir. 2018); *see also Brown v. Everest Moving & Storage, Inc.*, No. 12-62530-CIV, 2013 WL 12126001, at *2 (S.D. Fla. Aug. 20, 2013)

5

("Affidavits based on personal knowledge can be sufficient evidence to establish damages."). The Court first addresses the applicable minimum wage before evaluating each Plaintiff's entitlement to damages

### A. Applicable Minimum Wage

Plaintiffs calculate their unpaid minimum wages based on the Florida minimum wage of $12 per hour. *See* DE 17-1 at 2; DE 17-2 at 2; DE 17-3 at 2; DE 17-4 at 2. But Plaintiffs pled a single count under the FLSA and did not plead a state claim for minimum wages. DE 1 at 5.

The FLSA contains a savings clause explaining that the federal minimum wage does not preempt a higher state minimum wage. *See* 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter . . . ."); 29 C.F.R. § 541.4 ("The Fair Labor Standards Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum worked than those established under the Act."). But the saving clause does not establish that Plaintiffs, having pled only an FLSA claim, may recover unpaid minimum wages that are calculated based on the state minimum wage. *See, e.g.*, *Bowers v. Trading Card World LLC*, No. 22-22897-Civ, 2023 WL 5154316, at *4 (S.D. Fla. July 26, 2023) ("Bowers, however, has failed to take into account that, under the FLSA, he is only entitled to the federal minimum hourly wage of $7.25."), *report & recommendation adopted*, 2023 WL 5139371 (S.D. Fla. Aug. 10, 2023); *Jesus v. CMR Constr. & Roofing, LLC*, No. 9:22-cv-81856, 2023 WL 11878201, at *6 (S.D. Fla. May 18, 2023) ("Plaintiff is not,

however, entitled to the amount he seeks for unpaid minimum wages. First, Plaintiff only asserts a claim for unpaid minimum wages under the FLSA, not the corresponding Florida Minimum Wage Act. The FLSA contains no provision requiring the payment of the higher state minimum wage and, thus, Plaintiff is only entitled to recover the lower minimum wage rate mandated under the FLSA, which currently sets the minimum wage at $7.25 per hour."); *Bonich v. NAS Component Maint., Inc.*, No. 20-21582-CIV, 2020 WL 3000187, at *2 (S.D. Fla. June 4, 2020) ("The Fair Labor Standards Act only entitles Plaintiff to the federal minimum wage.").

The Court is aware that, "[w]ithin Florida, some district courts calculate damages due on default using the Florida rate, citing the FLSA's savings clause." *Ical v. Neljosh Remodeling, Inc.*, No. 3:22cv23704, 2024 WL 2703757, at *4 (N.D. Fla. Feb. 5, 2024) (citing conflicting caselaw on the issue of whether an FLSA plaintiff can recover damages that are calculated based on the state minimum wage but finding more persuasive the caselaw holding that a plaintiff who brings suit exclusively under the FLSA must calculate damages based on the federal minimum wage). This Court agrees with the caselaw holding that a plaintiff who sues exclusively under the FLSA may only recover unpaid minimum wages on default based on the federal minimum wage. Judge Leibowitz, the District Judge assigned to this case, has also agreed with that caselaw on several occasions. *See, e.g.*, *Cortez v. Hellenic Republic, Inc.*, No. 0:24-CV-60999, 2025 WL 297362, at *3 (S.D. Fla. Jan. 8, 2025) ("But Plaintiff has only brought an FLSA claim against Defendants for his unpaid minimum wages. As such, Plaintiff can only recover the federal minimum wage of $7.25 per hour." (citation omitted)), *report & recommendation adopted*, 2025 WL 297315 (S.D. Fla. Jan. 24, 2025); *Gorman v. Stealth Constr. US, Inc.*, No. 0:24-CV-60763, 2025 WL 580526, at *3 (S.D. Fla. Feb. 5, 2025), *report & recommendation*

7

*adopted*, 2025 WL 578502 (S.D. Fla. Feb. 21, 2025). Accordingly, the Court calculates Plaintiffs' unpaid minimum wages using the federal minimum wage of $7.25 per hour.

Unless a Plaintiff asserts that he had a different regular rate, the Court uses the Florida minimum wage to establish the regular rate for the purpose of calculating unpaid overtime wages. *See* 29 C.F.R. § 778.5 (stating that, for the purpose of calculating overtime compensation under the FLSA, an employee's regular rate "cannot be lower than such applicable [state] minimum, for the words 'regular rate at which he is employed' as used in [the FLSA] must be construed to mean the regular rate at which he is lawfully employed"). During the periods of employment for which Plaintiffs seek damages, Florida's minimum wage was $12 per hour. *See* Fla. Const. art. 10, § 24(c).

### B. Plaintiff Frangopoulos

Plaintiff Frangopoulos filed two declarations to support his claim for unpaid minimum and overtime wages and liquidated damages. DE 17-1; DE 20-1. He contends that, between April 8 and May 18, 2024, he worked an average of 40 regular hours per week for 5.86 weeks for which Defendants did not pay him. His unpaid minimum wages for this period of time total $1,699.40 ($7.25 hourly minimum wage x 40 regular hours per week x 5.86 weeks = $1,699.40). Plaintiff Frangopoulos also contends that, for this period of time, he worked an average of 26 overtime hours per week for which Defendants did not pay him. He maintains that his regular hourly rate was $15.15, making his overtime hourly rate $22.73. His unpaid overtime wages for this period of time total $3,463.14 ($22.73 unpaid hourly overtime rate x 26 overtime hours per week x 5.86 weeks = $3,463.14).

Plaintiff Frangopoulos asserts that, between December 30, 2023, and March 24, 2024, he worked an average of 26 overtime hours per week for 12.29 weeks for which Defendants paid

him his regular hourly rate of $15.15, not his overtime hourly rate of $22.73. His unpaid overtime wages for this period of time total $2,422.11 ($7.58 unpaid hourly overtime rate x 26 overtime hours per week x 12.29 weeks = $2,422.11).

Plaintiff Frangopoulos' unpaid minimum and overtime wages for these two periods of time total $7,584.65. An employer who does not pay minimum or overtime wages as the FLSA requires is liable to the employee in the amount of the unpaid wages and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of" the FLSA, then "the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount" of unpaid wages. *Id.* § 260. As Defendants have defaulted and have not shown that they acted in good faith and had reasonable grounds for believing they were not violating the FLSA, Plaintiff Frangopoulos is entitled an equal $7,584.65 in liquidated damages.

Furthermore, Plaintiff Frangopoulos maintains that, for two weeks between March 25 and April 7, 2024, he worked 38.5 hours per week, and Defendants paid him over ten days after the end of the pay period. He is entitled to an additional $558.25 in liquidated damages for his late minimum wages ($7.25 hourly minimum wage x 38.5 regular hours per week x 2 weeks = $558.25). The Court recommends that Plaintiff Frangopoulos be awarded $15,727.55 in damages.

### C. Plaintiff LeClef

Plaintiff LeClef filed two declarations to support his claim for unpaid minimum and overtime wages and liquidated damages. DE 17-2; DE 20-2. He contends that, between

April 22 and May 2, 2024, he worked 62.3 regular hours for which Defendants did not pay him. His unpaid minimum wages for this period of time total $451.68 ($7.25 hourly minimum wage x 62.3 regular hours = $451.68). Plaintiff LeClef also maintains that, for this period of time, he worked 22.4 overtime hours for which Defendants did not pay him. His unpaid overtime wages for this period of time total $403.20 ($18 unpaid hourly overtime rate x 22.4 overtime hours = $403.20).

Plaintiff LeClef asserts that, between April 15 and 21, 2024, he worked 11.4 overtime hours for which Defendants paid him only $12 per hour. His unpaid overtime wages for this period of time total $68.40 ($6 unpaid hourly overtime rate x 11.4 overtime hours = $68.40).

Plaintiff LeClef's unpaid minimum and overtime wages for these three periods of time total $923.28. As Defendants have defaulted and have not shown that they acted in good faith and had reasonable grounds for believing they were not violating the FLSA, Plaintiff LeClef is entitled an equal $923.28 in liquidated damages.

In addition, Plaintiff LeClef asserts that, for two weeks between April 2 and 14, 2024, he worked 57.9 regular hours, and Defendants paid him over ten days after the end of the pay period. He is entitled to an additional $419.78 in liquidated damages for his late minimum wages ($7.25 hourly minimum wage x 57.9 regular hours = $419.78). The Court recommends that Plaintiff LeClef be awarded $2,266.34 in damages.

### D. Plaintiff Sidorov

Plaintiff Sidorov filed a declaration to support his claim for unpaid minimum wages and tips and liquidated damages. DE 17-3. He asserts that, between May 4 and 12, 2024, he worked 44.5 regular hours for which Defendants did not pay him. His unpaid minimum wages for this

period of time total $322.63 ($7.25 hourly minimum wage x 44.5 regular hours = $322.63). He also asserts that Defendants withheld $407 of his tips.

Plaintiff Sidorov's unpaid minimum wages and withheld tips total $729.63. As Defendants have defaulted and have not shown that they acted in good faith and had reasonable grounds for believing they were not violating the FLSA, he is entitled an equal $729.63 in liquidated damages. The Court recommends that Plaintiff Sidorov be awarded $1,459.26 in damages.

### E. Plaintiff Hiller-Acosta

Plaintiff Hiller-Acosta filed a declaration to support his claim for unpaid minimum and overtime wages and liquidated damages. DE 17-4. He contends that, between May 10 and 21, 2024, he worked 82 regular hours for which Defendants did not pay him. His unpaid minimum wages for this period of time total $594.50 ($7.25 hourly minimum wage x 82 regular hours = $594.50). Plaintiff Hiller-Acosta also maintains that, during this period of time, he worked 10 overtime hours for which Defendants did not pay him. His unpaid overtime wages for this period of time total $180 ($18 unpaid hourly overtime rate x 10 overtime hours = $180).

Plaintiff Hiller-Acosta's unpaid minimum and overtime wages total $774.50. As Defendants have defaulted and have not shown that they acted in good faith and had reasonable grounds for believing they were not violating the FLSA, he is entitled an equal $774.50 in liquidated damages. The Court recommends that Plaintiff Hiller-Acosta be awarded $1,549 in damages.

### III.    Recommendation

Based on the foregoing, the Court recommends that Plaintiffs' Verified Motion for Default Judgment [DE 17] be **GRANTED IN PART AND DENIED IN PART**. The Court

recommends that default judgment be entered against Defendants Saquella Cafe 2024, LLC, Wolf Restaurant Group LLC, and Leopold Balestrieri, jointly and severally, in the total amount of $21,002.15.  This total amount consists of an award of $15,727.55 to Plaintiff Dean Argus Frangopoulos, an award of $2,266.34 to Plaintiff Pierre Yves LeClef, an award of $1,459.26 to Plaintiff Stanislav Sidorov, and an award of $1,549 to Plaintiff Cashley Jordan Hiller-Acosta.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 23rd day of May, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE